IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:26-cv-86-CNS-KAS

MICHELLE CARPENTER, et al.

    Plaintiffs,

v.

CELESTIAL SEASONINGS, INC.

    Defendant.

---

## SCHEDULING ORDER

---

### 1.  DATE OF SCHEDULING CONFERENCE
### AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

The Scheduling Conference is scheduled for April 16, 2026 at 11:00 a.m.

Appearing for Plaintiffs:    Kara A. Elgersma
Andrew D. Yoder
Wexler Boley & Elgersma LLP
311 S. Wacker, Suite 5450
Chicago, Illinois  60606
312.346.2222
kae@wbe-llp.com

Appearing for Defendant:  Alexander M. Smith
Jenner & Block LLP
2029 Century Park East, Suite 1450
Los Angeles, California  90067
213.239.2262
asmith@jenner.com

### 2.  STATEMENT OF JURISDICTION

The Court has original jurisdiction over this class action and all causes of action it

contains under the Class Action Fairness Act, 28 U.S.C. §1332(d), because the matter in

controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs, the parties are minimally diverse, and more than two-thirds of the class resides in states other than Colorado, where Defendant Celestial Seasonings, Inc. ("Celestial" or "Celestial Seasonings") is headquartered.

### 3.  STATEMENT OF CLAIMS AND DEFENSES

#### a.  Plaintiffs

Plaintiffs filed this class action complaint against Celestial for its knowing, reckless, unfair, false, misleading, and/or intentional misrepresentations about the nature of the flavoring used in several of the herbal teas it markets, distributes, and sells throughout the United States (the "Misrepresentations"). Specifically, Plaintiffs allege that Celestial's tea packaging, among other things, unambiguously states that the products are "NATURALLY FLAVORED WITH OTHER NATURAL FLAVORS" and that they contain "no artificial flavors," when, in fact, Celestial adds synthetic citric acid to the teas as an artificial flavor. Natural citric acid exists in many fruits and vegetables. As alleged, manufactured citric acid ("MCA") results from subjecting a mutant strain of a black mold *Aspergillus niger* to a solvent extraction process. Plaintiffs allege that all of the citric acid Celestial adds to the teas is MCA, not natural citric acid, and is added a flavoring. The representations made by the packaging of the teas are therefore false and misleading. Reasonable consumers, like Plaintiffs and the class/subclasses they seek to represent, would understand Celestial's marketing to mean that the teas do not contain synthetic flavors and would deem such representations material to their purchasing decisions. Plaintiffs assert a claim on behalf of a nationwide class of consumers under the Colorado Consumer Protection Act, C.R.S.A. §6-1-101 *et seq.* based on the Misrepresentations. Plaintiffs also seek to represent state subclasses asserting consumer fraud and

misrepresentation claims under the consumer protection laws of the States of Colorado, Illinois, Washington, Minnesota, New York, and California. Plaintiffs were damaged because, had they known the truth about the Misrepresentations, they would not have paid the price premium for the teas or would not have purchased them at all.

### b. Defendant

As set forth in Celestial Seasonings' motion to dismiss, Plaintiffs' allegations do not establish that the citric acid in Celestial Seasonings' teas is "artificial" or that the citric acid in the teas functions provides the teas with their "characterizing flavor," as would be necessary for the citric acid to constitute an "artificial flavor" under the governing FDA regulation, 21 C.F.R. § 101.22. Because the citric acid does not constitute an "artificial flavor," and because each tea contains natural flavor that gives each tea its characterizing flavor, the FDA regulations expressly permit Celestial Seasonings to label its teas as "naturally flavored with other natural flavors."

Celestial Seasonings also maintains that Plaintiffs' claims fail for other reasons. To the extent Plaintiffs challenge the statement "No Artificial Flavors," that claim fails because this statement appears only on the side of certain versions of the labeling in a location that many class members would not have seen. Celestial Seasonings also maintains that reasonable consumers would not interpret the statement "naturally flavored with other natural flavors" to imply that the tea is free of citric acid, particularly since the citric acid does not function as a "flavor" (artificial or otherwise). And Celestial Seasonings further maintains that the challenged labeling statements were not material to reasonable consumers (let alone to the entire class) and did not result in a "price premium." Those facts not only doom Plaintiffs' case on its merits, but also render this case unsuited to class-wide resolution.

## 4.  UNDISPUTED FACTS

The following facts are undisputed:

1.      Celestial manufactures, distributes, advertises, and sells Lemon Zinger Herbal Tea, Peach + Probiotics Herbal Tea, Country Peach Passion Herbal Tea, Jammin' Lemon Ginger Herbal Tea, and Wild Berry Zinger Herbal Tea (individually, "Tea" or collectively, the "Teas").

2.      Celestial's principal place of business is in Boulder, Colorado.

3.      Celestial is a subsidiary of The Hain Celestial Group, Inc.

4.      Celestial manufactures, labels, distributes, markets, advertises, and sells the Teas under the Celestial Seasonings brand throughout the United States, and has done so continuously from at least January, 2020, through the present.

5.      Celestial is responsible for the sourcing of the ingredients in the Teas.

6.      Celestial prepared, reviewed, and approved the Teas' packaging.

7.      Celestial's website states that "In addition to natural herbs, teas, spices and botanicals, some of our teas use natural flavors to achieve their unique tastes. The natural flavors we use are derived from real ingredients and do not contain artificial or synthetic additives."

## 5.  COMPUTATION OF DAMAGES

### a.  Plaintiffs

At this initial stage in the proceedings, Plaintiffs seek the following categories of damages on behalf of themselves and members of the Class:   (i) restitution, disgorgement, and/or constructive trust on all of the inequitable payments and profits Celestial retained; (ii) actual and statutory damages, including those provided under the relevant state statutes under which Plaintiffs have asserted claims; (iii) punitive damages

where permitted; and (iv) attorneys' fees and costs. The computation of damages is subject to discovery, factual investigation, and expert analysis that has not yet been completed. Plaintiffs will provide a computation of damages in accordance with future and applicable Court orders and/or will otherwise comply with their duty to supplement these disclosures once additional, relevant information becomes available during the court of this litigation, such that supplementation is possible.

### b. Defendant

Celestial Seasonings denies that Plaintiffs are entitled to any relief whatsoever.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

### a. Date of Rule 26(f) meeting.

The Fed. R. Civ. P. 26(f) meeting was held on April 3, 2026.

### b. Names of each participant and party he/she represented.

Kara A. Elgersma and Andrew Yoder participated in the Rule 26(f) conference on behalf of Plaintiffs and the putative class.

Alexander M. Smith participated in the Rule 26(f) conference on behalf of Celestial.

### c. Statement of when Rule 26(a)(1) disclosures were made or will be made.

Rule 26(a)(1) disclosures will be made on April 17, 2026.

### d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

None.

### e. Statement concerning any agreements to conduct informal discovery.

The parties have not entered into any agreements to conduct informal discovery.

**f.  Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

The parties discussed the use of procedures intended to reduce discovery and other litigation costs and agree generally to endeavor to employ such procedures. The parties intend to use a unified exhibit numbering system. The parties also agree to make arrangements for remote depositions where possible. The parties consider the obligation to make all reasonable efforts to reduce litigation costs to be on-going and agree to meet and confer throughout the litigation regarding additional agreements that may be reached to that end.

**g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The parties anticipate that much of the discovery to be produced by Celestial will involve information or records maintained in electronic form. Document discovery from Plaintiffs is likely to be relatively limited, but may include some electronic discovery. Plaintiffs have been instructed regarding the preservation of potentially discoverable evidence. The parties have agreed to negotiate an ESI protocol and a confidentiality order after the exchange of Rule 26 disclosures, in advance of the production of discovery.

**h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

To date, the parties have not substantively discussed settlement. Plaintiffs are open to such a discussion at any appropriate date.

### 7.  CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8.  DISCOVERY LIMITATIONS

**a.  Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

The parties discussed the presumptive limits of depositions and interrogatories and agree to their application.  Because there are twelve (12) named plaintiffs in this case, the parties agree that the Court should increase the number of fact depositions from ten to twelve.  The parties will be able to depose experts and third parties beyond the twelve deposition limit. During the course of discovery, if a party determines that discovery beyond the presumptive limits is required, the parties will negotiate in good faith to reach agreement as to whether such discovery will proceed. If the parties cannot agree, the party seeking the additional discovery may seek a good cause expansion of the limit from the Court.

**b.  Limitations which any party proposes on the length of depositions.**

The parties do not seek to impose limitations on the length of depositions beyond those imposed by the Federal Rules of Civil Procedure. The parties discussed and agreed to work to together in good faith to conduct any Federal Rule of Civil Procedure 30(b)(6) deposition efficiently and with sufficient opportunity for the noticing party to obtain the discovery to which that party is entitled.

**c. Limitations which any party proposes on the number of requests for production and/or requests for admission.**

**& 25 interrogatories & 25 requests for production**

The parties agree to a limit of twenty-five (25) requests for admission during the discovery period. The parties also agreed to, if desired, utilize additional requests for admission for purposes of document authentication and admissibility factors after the close of discovery, in order to streamline such issues in advance of trial.

**d. Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:**

All Interrogatories, Requests for the Production of Documents, and Requests for Admission (excepting the post-discovery additional Requests for Admission limited to authentication and admissibility factors described in Section 8(c)), shall be served at least forty-five (45) days prior to the close of fact discovery.

**e.  Other Planning or Discovery Orders**

The parties intend to negotiate an ESI protocol and a confidentiality order after the exchange of Rule 26 disclosures and submit them to the Court for approval on or before May 17, 2026.

### 9.  CASE PLAN AND SCHEDULE

**a.  Deadline for Joinder of Parties and Amendment of Pleadings:**

The deadline of joinder of parties and/or the amendment of pleadings shall be ~~ninety (90) days after Celestial files its Answer.~~ **August 14, 2026**

**b.  Discovery Cutoff:** **\*\*April 16, 2027\*\***

Fact discovery shall ~~conclude nine (9) months after Celestial files its Answer.~~

**c.  Dispositive Motion Deadline:**

The parties suggest that the Court set the following briefing schedule on Plaintiffs' anticipated motion for class certification: (i) Plaintiffs will file their motion for class certification **by May 31, 2027** approximately forty-five (45) days after the close of fact discovery, accompanied by Plaintiffs' affirmative expert disclosures; (ii) Celestial Seasonings will file its opposition to Plaintiffs' motion for class certification **by July 30, 2027** approximately sixty (60) days after Plaintiffs file their motion for class certification, accompanied by Celestial Seasonings' rebuttal expert disclosures; and (iii) Plaintiffs will file their reply in support of their motion

**by August 30, 2027**

for class certification approximately thirty (30) days after Celestial Seasonings files its opposition brief. Plaintiffs reserve the right to seek permission from the Court to submit any rebuttal necessitated by the submission, by Celestial Seasonings, of any expert disclosure with its opposition, that is affirmative in nature.

The parties suggest that the dispositive motion deadline be set for 120 days following the Court's decision on the motion for class certification, to allow for any additional expert discovery that may be required. **\*\*See CNS standing order on Rule 56 motions for deadline and procedure.\*\***

d.  **Expert Witness Disclosure:**

1.  **The parties shall identify anticipated fields of expert testimony, if any.**

Plaintiffs anticipate experts may include one or more marketing and/or labeling experts, one or more technical experts regarding the features and functions of citric acid, and one or more damages experts.

Celestial Seasonings anticipates that its experts may include one or more experts in marketing and/or consumer behavior, one or more survey experts, one or more damages experts, and one or more technical experts who will testify regarding the function of the citric acid in the products.

2.  **Limitations which the parties propose on the use or number of expert witnesses.**
**\*\*Limit of 5 affirmative retained experts per side.\*\***
None.

3. **The parties shall designate all affirmative experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before \_\_\_, 20\_\_.**

Plaintiffs shall designate all affirmative experts who will provide opinions related to class certification, and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2), at the time Plaintiffs file their motion for class certification (*i.e.*, 45 days

following the close of fact discovery).

The parties shall designate all affirmative experts (experts on issues for which the offering party holds the burden of proof) who will provide opinions related to the merits within 60 days of a ruling on Plaintiffs' anticipated motion for class certification.

4. **The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before _, 20__.**

Celestial Seasonings shall designate rebuttal experts who will provide opinions related to class certification, and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2), at the later of the following dates: (a) 60 days following Plaintiffs' disclosure of their affirmative experts; or (b) at the time Celestial Seasonings files its opposition to Plaintiffs' motion for class certification. Plaintiffs reserve the right to seek permission from the Court to submit any rebuttal necessitated by the submission, by Celestial Seasonings, of any expert disclosure with its opposition, that is affirmative in nature.

The parties shall designate rebuttal experts in response to opinions offered relating to the merits, and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2), within 45 days of the parties' disclosure of their affirmative experts on the merits.

e. **Identification of Persons to Be Deposed:**

The parties anticipate that they will depose the following fact witnesses, in addition to any experts the parties may disclose:

| Name of Deponent | Expected Length of Deposition |
|---|---|
| Plaintiffs Michelle Carpenter, Lori Bernstein, Kandise Bigfeather, Martha Carter, Jaquay Davis, Susan Freeman, Lisa Gibson, Kris Dee Hall, Rebekah Myatt | Up to seven (7) hours each |

| | |
|---|---|
| Hammonds, Amber Rust, Nanci Selk, and Patrice Ventresca | |
| Celestial Individual/s with knowledge regarding the labeling of the relevant products. | Up to seven (7) hours |
| Celestial Individual/s with knowledge regarding the manufacturing of the relevant products. | Up to seven (7) hours |
| Celestial Individual/s with knowledge regarding the ingredients in the relevant products. | Up to seven (7) hours |
| Celestial Individual/s with knowledge regarding Celestial's analysis and understanding of consumer impressions of the relevant products. | Up to seven (7) hours |
| Celestial Individual/s with knowledge regarding the selection of ingredients in the relevant products. | Up to seven (7) hours |

## 10.  DATES FOR FURTHER CONFERENCES

**a.  Status conferences will be held at the following dates and times:**

____TBD_____, 20__ at __ o'clock ____m.   **Parties shall file motion when status conference is needed.**

**b.  A final pretrial conference will be held at the following date and time:**

_____, 20__ at __ o'clock ____m.

A Final Pretrial Order shall be prepared by the parties and submitted to the Court no later

than seven (7) days before the final pretrial conference.  **\*\*See CNS practice standards for setting of final pretrial/trial prep conference and trial and for any other deadlines therein.\*\***

## 11.  OTHER SCHEDULING MATTERS

**a.  Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.**

The parties do not have anything to identify at this time.

**b.  Anticipated length of trial and whether trial is to the court or jury.**

Plaintiffs have demanded a trial by jury and anticipate a trial of up to two weeks.

**c.  Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/ Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse, 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.**

None.

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a), the Uniform Civil Practice Standards for Magistrate Judges, and any additional Order of the assigned Magistrate Judge regarding discovery dispute procedures [if any].

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13.  AMENDMENTS TO SCHEDULING ORDER

This scheduling order cannot be altered or amended except upon a showing of good cause.

DATED at ___Denver____, Colorado, this _10th_ day of ___April_____, 20_26_.

BY THE COURT:

_____
Kathryn A. Starnella
United States Magistrate Judge

APPROVED AS SUBMITTED ON April 9, 2026:

| | |
|---|---|
| *s/ Kara A. Elgersma* | *s/ Alexander M. Smith* |
| Kenneth A. Wexler | Alexander M. Smith |
| Kara A. Elgersma | Jenner & Block LLP |
| Andrew D. Yoder | 2029 Century Park East |
| Wexler, Boley & Elgersma LLP | Suite 1450 |

12

311 S. Wacker, Suite 5450
Chicago, Illinois  60606
312.346.2222
kaw@wbe-llp.com
kae@wbe-llp.com
ay@wbe-llp.com

Mark R. Miller
Matthew J. Goldstein
Julia Ozello
Wallace Miller
200 W. Madison, Suite 3400
Chicago, Illinois  60606
312.261.6193
mrm@wallacemiller.com
mjg@wallacemiller.com
jo@wallacemiller.com

**_Attorneys for Plaintiff_**

Los Angeles, California  90067
213.239.2262
asmith@jenner.com

Dean N. Panos
Jenner & Block LLP
353 N. Clark Street
Chicago, Illinois  60654-3456
312.923.2765
dpanos@jenner.com

**_Attorneys for Defendant_**

13