**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:26-cv-00086-CNS-KAS

MICHELLE CARPENTER, et al.,

 Plaintiffs,

v.

CELESTIAL SEASONINGS, INC., et al.

 Defendant.

---

**PLAINTIFFS' RESPONSE TO DEFENDANT CELESTIAL SEASONINGS, INC'S
REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS**

---

Defendant Celestial Seasonings, Inc. ("Defendant") asks this Court to take judicial notice of three exhibits it cited in its Motion to Dismiss Plaintiffs' First Amended Class Action Complaint. ECF 22 (Defendant Celestial Seasonings, Inc's. Request for Judicial Notice in Support of Its Motion to Dismiss). Although this Court may consider certain evidence outside the pleadings, judicial notice is only appropriate for facts which are of public record and not subject to reasonable dispute. Fed. R. Evid. 201(b)(2). Further, even when the Court may take judicial notice of the existence of certain documents or information, it should not accept such evidence for the truth of its contents when it is subject to reasonable dispute. *See Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006) (documents may "only be considered to show their contents, not to prove the truth of the matters asserted therein") (citations omitted).

Defendant asks the Court to take judicial notice of three exhibits:  (1) an October 15, 2015 transcript from a hearing in *Osborne v. Kraft Foods Group, Inc.* that was pending

1

in the United States District Court for the Northern District of California; (2) an Order from *Osborne* that refers to the reasoning discussed during the hearing transcribed in (1); and (3) a print-out from the FDA website. To the extent Defendant is seeking to use Exhibits 1-3 as legal authority, judicial notice is unnecessary and the Court may consider the persuasive value of the exhibits like other similar authority, drawing all inferences in Plaintiffs' favor. To the extent Defendant is asking the Court to take judicial notice of the truth of the matters asserted in the exhibits, Plaintiffs object because such facts are subject to reasonable dispute and/or are unknown. Defendant only describes the documents generally and does not identify specific facts. ECF 22 at 1. With respect to all three exhibits, Defendant has not articulated arguments as to why these exhibits should be judicially noticed, so the request should be denied.

Generally, if matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). To avoid that conversion, at this stage, only the facts alleged in a complaint and inferences that may be drawn from them, documents attached as exhibits to the pleading, and matters about which this Court may take judicial notice can be considered. *See Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001). The only possible reason Defendant would have to seek judicial notice of Exhibits 1-3 is because it perceives them to contain facts which it deems helpful to its motion to dismiss arguments. Judicial notice is not a proper vehicle to provide the Court with such facts, particularly not in connection with a Rule 12(b)(6) motion. *Horton v. Davis*, No. 13-cv-01089, 2015 WL 7294815, at *1 (D. Colo. Nov. 19, 2015) (Wang, M.J.) (at the motion to dismiss stage, judicial notice of documents is limited to show contents, not to prove the

2

truth of asserted matters); *Tatulyan v. City of Aurora*, Civil Action No. 17-cv-2119, 2018 WL 3468223, at *3 (D. Colo. Jul. 17, 2018) ("notice is limited to the contents of the document, but not the proof of the matters asserted therein"). Defendant may not, therefore, ask the Court to rely on Exhibits 1-3 to prove facts or draw inferences in its favor.[1]

For the reasons set forth in this response, the request by Defendant Celestial Seasonings, Inc. for the Court to take judicial notice of Exhibits 1-3 should be denied.

Dated: April 16, 2026                    Respectfully submitted,

                                         /s/ *Kara A. Elgersma*
                                         Kenneth A. Wexler
                                         Kara A. Elgersma
                                         Andrew Yoder
                                         **Wexler Boley & Elgersma LLP**
                                         311 South Wacker Drive
                                         Suite 5450
                                         Chicago, Illinois 60606
                                         (312) 346-2222
                                         kaw@wbe-llp.com
                                         kae@wbe-llp.com
                                         ay@wbe-llp.com

                                         Mark R. Miller
                                         Julia Ozello
                                         Matthew J. Goldstein
                                         **Wallace Miller**
                                         200 West Madison Street
                                         Suite 3400
                                         Chicago, IL 60606
                                         (312) 261-6193
                                         mrm@wallacemiller.com
                                         jo@wallacemiller.com
                                         mjg@wallacemiller.com

---

[1] With respect to the *Osborne* matter, Plaintiffs distinguish what is discernible from the transcript in its separate opposition to the motion to dismiss.

3

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2026, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system which will send notification of such filing to

Counsel of Record.

*s/ Kara A. Elgersma*
Kara A. Elgersma
**Wexler Boley & Elgersma LLP**
311 South Wacker Drive
Suite 5450
Chicago, Illinois 60606
(312) 346-2222
kae@wbe-llp.com